**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ALEXANDER HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: |
| v. | ) | |
| | ) | |
| SOUTHWEST AIRLINES CO., and JOHN DOE | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## **DEFENDANT SOUTHWEST AIRLINES CO.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C.A. § 1441(a) et seq., Defendant, Southwest Airlines Co., hereby provides Notice of Removal of the above captioned action from the State Court of Clayton County, State of Georgia to the United States District Court For the Northern District of Georgia, Atlanta Division, and in support thereof states as follows:

### I.     BACKGROUND AND PROCEDURAL HISTORY

1.     Alexander Harris, ("Plaintiff") filed a Complaint And Demand For Jury Trial ("Complaint") on April 23, 2021 in the State Court of Clayton County, Georgia. (Complaint, Ex. A). Plaintiff named Southwest Airlines Co. ("Southwest") and John Doe as defendants. (Complaint, Ex. A). The lawsuit was styled, *Alexander Harris v. Southwest Airlines Co. and John Doe,* Civil Action

Number 2021CV00956 (the "State Action").

2. Plaintiff served Southwest's agent for service of process on April 26, 2021. (Affidavit of Service, Ex. E).

3. The State Action does not contain any record of a summons issued for, or service upon, the fictitiously named person John Doe.

4. In the Complaint, Plaintiff stated that he is a resident of Georgia. (Complaint, Ex. A, ¶ 1).

5. Plaintiff alleged that on June 19, 2019 John Doe was an employee or agent for Southwest, acting in the course of his employment for Southwest, and negligently operated a tug at the Hartsfield-Jackson Atlanta International Airport whereby he struck the tug driven by Plaintiff causing Plaintiff to sustain injuries. (Complaint, Ex. A, ¶¶ 3, 5, 6, 7, 11, 15, 18).

6. Plaintiff further alleged that John Doe was a citizen of Georgia but stated his "exact identify and name are currently unknown." (Complaint, Ex. A, ¶ 4). Plaintiff also stated that John Doe would be named and served with the Summons and Complaint once his identity is revealed. (Complaint, Ex. A, ¶ 8). Therefore, John Doe is a legal fictitious name and legal fictitious person.

7. Plaintiff alleged that Southwest was negligent for hiring, retaining, supervising, and entrusting John Doe with the operation of a tug which led to Plaintiff's injuries and that Southwest was vicariously liable for the negligence of

John Doe under the doctrine of respondaet [sic] superior. (Complaint, Ex. A, ¶¶ 14, 16, 19).

8. In the Complaint, the Plaintiff did not specify his injuries. In addition, he did not allege a specific monetary amount in damages or medical expenses, or demand a specified amount in compensation for his injuries or damages. (*See*, Complaint, Ex. A). Accordingly, the Complaint did not show any indication that the amount in controversy exceeded $75,000.00.

9. Southwest filed a timely responsive pleading, Southwest Airlines Co.' Answer And Objections To Plaintiff's Complaint And Demand For Jury Trial, ("Answer") on May 24, 2021. (Answer, Ex. H).

10. In the State Action Plaintiff propounded written discovery in the form of First Request For Admissions, First Interrogatories, First Request to Produce, and Second Request for Admissions on Southwest. ("Plaintiff's First Written Discovery", *collective,* Ex. B). Southwest then served responses to each discovery request. (Southwest's Responses To Plaintiff's First Written Discovery, *collective*, Ex. J).

11. In the State Action, Southwest served Plaintiff's counsel on June 29, 2021 with written discovery consisting of Southwest's First Request For Production of Documents to Plaintiff, and Southwest's First Interrogatories to

Plaintiff. (*See* Rule 5.2 Certificate of Service: Southwest's Discovery Requests To Plaintiff, Ex. K).

12. Plaintiff served his responses on July 30, 2021 in the State Action to Southwest's First Request For Production and First Interrogatories. (Plaintiff's Responses to Def. Southwest First Interrogatories And Request For Production, Ex. M).

13. In Plaintiff's responses to Southwest's First Interrogatories served on July 30, 2021, Plaintiff states his medical expenses totaled $86,792.88 and he sustained a loss of income in an amount of $63,729.00. (*See* Plaintiff's Responses To Southwest's First Interrogatories, Ex. M, Interrogatory Resp. No. 18).

14. Southwest is a Foreign Profit Corporation organized in Texas with a principal place of business in Dallas, Texas and is registered to do business in Georgia and has a registered agent for service in Gwinnett County, Georgia. (Declaration of Blake Whaling, Ex. P).

15. Southwest has not litigated on the merits of the State Action. The only actions taken by Southwest in the state court is to file an Answer, respond to discovery, propound discovery and document requests, and file a Notice of Filing Notice of Removal. There have not been any previous attempts to remove the State Action to federal courts.

## II.     REMOVAL IS TIMELY

16.    If the initial pleading does not indicate the case is removable, a notice of removal may be filed within 30 days after the defendant receives an amended pleading, motion, or other paper from which it may first be ascertainable the case is removable. *See* U.S.C.A. § 1446 (b)(3). A case that is not initially removable because the jurisdictional amount in controversy threshold is not met based upon the face of the initial pleading may be removed within 30 days of the receipt of responses to discovery, which constitute "other paper", that show the jurisdictional amount in controversy is met. U.S.C.A. §§ 1446 (b)(3), (c)(3)(A).

17.    Plaintiff's responses to Southwest's written discovery served on July 30, 2021 constitutes "other papers" which unambiguously established for the first time that the amount in controversy between the Parties exceeded the jurisdictional threshold for diversity jurisdiction. See, Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 n. 63 (11th Cir. 20007); Taylor v. Foremost Ins. Co., 5:15-CV-00164 (LJA), 2016 WL 11083156, at *3 (M.D. Ga. June 24, 2016).

18.    The amount in controversy was not able to be determined from Plaintiff's Complaint. Southwest's removal is within 30 days of its receipt of Plaintiff's discovery responses which unambiguously for the first time established the amount in controversy was above $75,000.00. The State Action commenced on April 23, 2021 when Plaintiff filed his Complaint. Southwest's removal is not

more than one year after the commencement of the action. Therefore, Southwest's removal is timely.

### III.  DIVERSITY OF CITIZENSHIP JURISDICTION

19. A civil action brought in a state court of which the district court of the United States has original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C.A. § 1441(a).

20. The United States district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different States. *See*, 28 U.S.C.A. § 1332(a).

#### A.  Complete Diversity Of Citizenship Exists

21. Plaintiff is, and was at the commencement of the State Action, a citizen and resident of the State of Georgia. (Complaint, Ex. A, ¶ 1).

22. A corporation is a citizen of every State which it is incorporated and where it has its principal place of business. 28 U.S.C.A. § 1332. Southwest is a foreign for profit corporation organized under the laws of the State of Texas, with a principal place of business in Dallas, Texas. (Declaration Blake Whaling, Ex. P).

23. John Doe is a legal fictitiously named Defendant. There has not been a summons issued for John Doe in the State Action, John Doe has not been served

in the State Action, and John Doe is not a party to the State Action. The Plaintiff admits in his Complaint that he did not know John Doe's real name at the time of the filing. (Complaint, Ex. A, ¶ 4, 8). For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded. *See*, 28 U.S.C.A. § 1441(a); Smith v. Comcast Corp., 18-13956, 2019 WL 4302867, at *3 (11th Cir. Sept. 11, 2019).

24. Complete diversity exists between the Parties because the Plaintiff is a citizen of Georgia, Southwest is a citizen of Texas, and the citizenship of John Doe is disregarded because he is a legal fictitious person.

**B.** **The Jurisdictional Minimum Threshold Is Met**

25. The jurisdictional minimum threshold for diversity jurisdiction is $75,000.00. 28 U.S.C.A. § 1332(a).

26. Plaintiff stated for the first time in the State Action that his damages exceeded $75,000 when he responded to Southwest's First Interrogatories that his medical expenses totaled $86,792.88 and he sustained a loss of income in the amount of $63,729.00. (Plaintiff's Responses To Southwest's First Interrogatories, Ex. M, Resp. No. 18).

27. The jurisdictional minimum threshold amount is met for diversity jurisdiction under U.S.C.A. § 1332(a) because the Plaintiff's claim for special damages as stated in his discovery responses is $150,521.88 which exceeds the

jurisdictional minimum of $75,000.00.

## C. Unanimity Exists

28. When a civil action is removed, all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. A. § 1446(b)(2)(A).

29. John Doe is a fictitious person, no summons has been issued, and John Doe has not been served. A defendant seeking to remove a case to federal court does not need the consent of another defendant who has not been served. Johnson v. Wellborn, No. 10-1294, 2011 WL 914302, 418 Fed. Appx. 809, 815 (11th Cir. March 17, 2011).

30. Accordingly, Southwest is the only named and served Defendant in the State Action. Therefore, the unanimity requirement is met at the time of removal.

## III. THE VENUE REQUIREMENT IS MET

31. Venue of the removal is proper under 28 U.S.C. A. § 1441(a) because this Honorable Court is the United States District Court for the district and division corresponding to the place where the Action is pending in state court.

## IV. PAPERS REMOVED IN ACTION

32. In the State Action the following papers were either filed in the State Court of Clayton County Georgia and/or were served on Southwest:

(a) Complaint (April 23, 2020) (Ex. A);

(b) Plaintiff's First Request For Admissions, First Interrogatories And First Request To Produce To Defendant Southwest Airline Co. (Plaintiff's First Written Discovery, *collective,* Ex. B);

(c) General Civil and Domestic Case Filing Initiation Form (Ex. C);

(d) Summons On Southwest Airlines Co. (Ex. D);

(e) Affidavit of Service on Southwest (Ex. E);

(f) Rule 5.2 Certificate: Plaintiff's Request For Production of Documents To Non-Party Sedgwick (Ex. F);

(g) Plaintiff's Request For Production To Non-Party Sedwick (Ex. G);

(h) Southwest's Answer And Objections To Plaintiff's Complaint And Demand For Jury Trial (Ex. H);

(i) Rule 5.2 Certificate: Southwest's Responses And Objections To Plaintiff's First Discovery Requests (Ex. I);

(j) Southwest's Responses And Objections To Plaintiff's First Request For Admissions, Southwest's Responses And Objections To Plaintiff's First Request To Produce; Southwest's Responses And Objections To Plaintiff's First Interrogatories (Southwest's Responses to Plaintiff's First Written Discovery, *collective*, Ex. J);

(k) Rule 5.2 Certificate: Southwest's Discovery Requests To Plaintiff

(Ex. K);

(l) Rule 5.2 Certificate: Plaintiff's Second Request For Admissions To Southwest (Ex. L);

(m) Plaintiff's Responses To Defendant's First Interrogatories And Requests For Production (Ex. M);

(n) Certificate of Service of Discovery: Southwest's Non-Party Requests to Medical Providers (Ex. N);

(o) Certificate of Service of Discovery: Southwest's Responses To Plaintiff's Second Request For Admissions (Ex. O).

33. Pursuant to 28 U.S.C.A. § 1446(a), a copy of all process, pleadings, and orders filed and or served upon defendants are attached hereto.

## V.  NOTICE OF THE FILING OF NOTICE OF REMOVAL

34. Contemporaneous with the filing of this Notice of Removal with this Court, Southwest has provided Notice of Removal to the Plaintiff, through their counsel of record in the State Action, as required by 28 U.S.C.A. § 1446(d), as well as notice to the Clerk of the State Court of Clayton County Georgia. (See attached, Ex. Q). In addition, the Civil Cover Sheet (See attached, Ex. R) and the Declaration of Blake Whaling (Ex. P) attached hereto.

**WHEREFORE, DEFENDANT, SOUTHWEST** has not litigated on the merits in the state court by taking substantial offensive or defensive actions, and only filed an Answer to the Complaint, responded to discovery, propounded discovery, and filed the Notice of Filing Notice of Removal, and therefore has not waived its right to removal. Accordingly, Southwest prays that the civil action now pending against them in the State Court of Clayton County, Georgia be removed therefrom to this Honorable Court and that further proceedings be conducted in this Honorable Court as provided by law.

This 26th day of August, 2021.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

*/s/ M. Dean Norris*
Thomas J. Strueber
Georgia Bar No. 689220
M. Dean Norris
Georgia Bar No. 162926

3344 Peachtree Road, Suite 2400
Atlanta, GA 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
tstrueber@wwhgd.com
dnorris@wwhgd.com
*Attorneys for Defendant*
*Southwest Airlines Co.*

## **RULE 5.1C CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 5.1C of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

*/s/ M. Dean Norris*
M. Dean Norris
Georgia Bar No.: 162926

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date August 26th 2021 the foregoing document was filed electronically to the Court's ECF system, sent by First Class U.S. Postage, and to the electronic mail addresses below, and therefore served upon the following counsel of record:

**J. Blair Craig, Esq.**
**WOOD CRAIG & AVERY, LLC**
352 Piedmont Road NE
Suite 2802
Atlanta, GA, 30305
blair@woodcraig.com
(404) 888-9962
(404) 759-2326 (fax)

**Kathy Edwards-Opperman, Esq.**
**MONTLICK & ASSOCIATES, P.C.**
17 Executive Park Drive
Suite 300
Atlanta, GA 30329
(404) 235-5000
(404) 321-3323 (fax)
kopperman@montlick.com
*Attorneys for Plaintiff*

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

*/s/ M. Dean Norris*
Thomas J. Strueber
Georgia Bar No. 689220
M. Dean Norris
Georgia Bar No. 162926

3344 Peachtree Road, Suite 2400
Atlanta, GA 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
tstrueber@wwhgd.com
dnorris@wwhgd.com
*Attorneys for Defendant*
*Southwest Airlines Co.*