IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO. and JOHN DOE,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:21-CV-3545-MHC |

# ORDER

This case comes before the Court on Plaintiff Alexander Harris ("Harris")'s Motion to Dismiss His Complaint Without Prejudice ("Pl.'s Mot. to Dismiss") [Doc. 14].[1]

## I. BACKGROUND

On April 23, 2021, Harris filed his Complaint [Doc. 1-1] in the State Court of Clayton County alleging that Harris was injured at Hartsfield-Jackson

---

[1] Also before the Court is Southwest's Notice of Correction to Its Response to Plaintiff's Motion to Dismiss ("Def.'s Notice") [Doc. 22], which includes a motion to file a further response to Plaintiff's Reply [Doc. 21]. The Court finds the briefs before it to be sufficient, and accordingly, Defendant's Motion to File a Response to Plaintiff's Reply is **DENIED**.

International Airport as a result of a collision between a tug driven by Harris and a tug driven by Defendant John Doe ("Doe"). Compl. ¶ 5. Harris alleged that the collision was caused by Doe, an employee of Defendant Southwest Airlines Co. ("Southwest"), who was driving a tug for Southwest at the time. Id. ¶¶ 7, 11, 13. The Complaint states that "[a]t all times material . . . John Doe was a resident and citizen of Georgia, but whose exact identity and name are currently unknown" and that "John Doe will be named and served with Summons and Complaint once his identity is revealed." Id. ¶¶ 4, 8.

Southwest answered the Complaint on May 24, 2021. Southwest's Answers and Objs. to Compl. [Doc. 2]. In a June 9, 2021, discovery response, Southwest objected to Harris's interrogatory requesting identifying information, including the name, date of birth, employer, and address, of the individual driving the tug involved in the collision at issue and further stated:

> [A]t this time Southwest cannot state with certainty the name of the person involved in the accident that is the subject of this lawsuit. However, based upon the incomplete investigation conducted by Southwest . . . Southwest has a belief that a Southwest employee, Durrand Summers, was involved in the accident that is the subject of the Complaint.

Southwest's Resps. and Objs. to Pl.'s First Interrogs., Harris v. Sw. Airlines Co., No. 2021CV00956 LH (State Ct. of Clayton Cnty. filed June 9, 2021) [Doc. 14-1] ¶ 1. On August 11, 2021, Southwest responded to a second request for admissions

and again declined to admit that Durrand Summers was involved in the collision at issue. Southwest's Resps. and Objs. to Pl.'s Second Req. for Admissions, Harris v. Sw. Airlines Co., No. 2021CV00956 LH (State Ct. of Clayton Cnty. filed Aug. 11, 2021) [Doc. 14-2] ¶ 1 ("Southwest cannot state that Durrand Summers was involved in the accident that is the subject of this lawsuit.").

On August 26, 2021, Southwest removed the case to this Court based on diversity subject matter jurisdiction.[2] Notice of Removal [Doc. 1] ¶¶ 19-30. On September 9, 2021, Harris filed a separate action against Durrand Summers ("Summers") on the basis of the same accident in the State Court of Cobb County (the "Summers Action"), and Summers was served with the complaint in that case on October 11, 2021. Compl., Harris v. Summers, No. 21-A-3239 (State Ct. of Cobb Cnty. filed Sept. 9, 2021) [Doc. 14-3]; Aff. of Service, Harris v. Summers, No. 21-A-3239 (State Ct. of Cobb Cnty. filed Oct. 14, 2021) [Doc. 14-6]. On October 21, 2021, Harris moved to voluntarily dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a). Pl.'s Mot. to Dismiss.

---

[2] Southwest asserts, and Harris has not contested, that the Notice of Removal was timely filed because the case was not removable until Harris's responses to written discovery revealed that the amount in controversy exceeded $75,000. Notice of Removal ¶¶ 16-18.

3

## II. DISCUSSION

Harris moves to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) so that he may refile his complaint against both Southwest and Summers and litigate against the two defendants in one action. Pl.'s Mot. to Dismiss at 1. Southwest opposes Plaintiff's Motion to Dismiss, arguing that Harris is merely forum shopping and that granting his requested relief would deprive Southwest of "a substantial legal right to litigate in federal court" and reward Harris's actions taken in bad faith. Southwest's Resp. to Pl.'s Mot. to Dismiss ("Def.'s Resp.") [Doc. 16] at 8-9.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action may be dismissed at the plaintiff's request by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). The Court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986). A voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result. Id.; Pontenberg v. Bos. Sci. Corp., 252 F.3d 1253, 1255-56 (11th Cir. 2001).

Harris argues that the relevant equities weigh in favor of granting his requested voluntary dismissal. Pl.'s Mot. to Dismiss at 5. In particular, Harris

4

contends that Southwest will not be prejudiced by this case's dismissal or Harris's intended re-filing in state court. Id. at 5-6. To the contrary, he notes that Southwest "should not in any way be surprised that [Harris] wants to litigate his case against Southwest and Mr. Summers in the same lawsuit." Id. at 6. Harris also asserts that even if he had moved to add Summers as a party at the earliest notice that Summers may have been involved in the collision, it is unlikely that the state court would have ruled on the motion before Southwest's removal to this Court. Id. at 5-6.

In response, Southwest contends that the relevant equities weigh against allowing Harris to voluntarily dismiss this case because (1) a voluntary dismissal would deprive Southwest of a substantial right to litigate in federal court and (2) Harris concealed the existence of the Summers Action in bad faith. Def.'s Resp. at 9-10. In support of its contention that dismissal will deprive Southwest of a substantial right, Southwest cites to Goodwin v. Reynolds, 757 F.3d 1216 (11th Cir. 2014). Def.'s Resp. at 9. In Goodwin, the Eleventh Circuit discussed an Eighth Circuit case reversing a district court's grant of voluntary dismissal where a class action plaintiff's intent appeared to be for the purpose of avoiding federal jurisdiction rather than benefitting the putative class. Goodwin, 757 F.3d at 1219-20 (citing Thatcher v. Hanover Ins. Grp., Inc., 659 F.3d 1212, 1215 (8th Cir.

2011)). However, the court in Goodwin did not adopt the holding in Thatcher, and in fact went on to note that between circuits there was "some general disagreement regarding the substantiality of a defendant's right of removal." Goodwin, 757 F.3d at 1220. Moreover, even if Thatcher were binding on this Court, it stands only for the proposition that it is "inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." Thatcher, 659 F.3d at 1214. Here, it is clear on the face of Harris's Complaint that he believed John Doe to be a citizen of Georgia and that Harris intended to substitute a named party for John Doe as soon as his identity could be determined. Compl. ¶¶ 4, 8. This initial pleading belies Southwest's arguments that Harris is merely seeking a more favorable forum and, instead, the Complaint demonstrates that Harris intended to pursue his claims against both Defendants in one action from the beginning.

Southwest also initially argued that Harris acted in bad faith because he "wholly concealed from Southwest his lawsuit against Summers in Cobb County until the filing of the present Plaintiff's Motion despite the issue being at the forefront of topics to be disclosed." Def.'s Resp. at 5. However, as Southwest now admits, Harris notified it of the Summers Action prior to filing his complaint in that action. Def.'s Notice at 1-2. Contrary to Southwest's contention that Harris's intent is improper forum shopping, Harris's counsel informed Southwest

6

that he was concerned about the statute of limitations running against Summers while Southwest was unwilling to admit without reservation that Summers was the driver of the tug involved in the subject collision. Letter from J. Blair Craig to Dean Norris, Counsel for Southwest (July 12, 2021) [Doc. 21 at 14]. Moreover, in a subsequent letter advising Southwest of Harris's intent to file the Summers Action, Harris stated: "[i]t is not my intent to complicate or expand the litigation, but I cannot take the chance, as remote as it appears, that Durrand Summers was not on the job with Southwest at the time. Hence, I am filing against him in his individual capacity." Letter from J. Blair Craig to Dean Norris, Counsel for Southwest (Aug. 24, 2021) [Doc. 22-1 at 3]. The record is void of any support for Southwest's assertions of bad faith on Harris's part.

Harris's request to litigate his claims against Southwest and Summers in one action do not appear to prejudice any party and promote the interest of judicial economy. Moreover, Southwest has not shown that dismissal of this case will deprive it of a substantial right or that Harris acted in bad faith. Accordingly, the Court finds that the relevant equities weigh in favor of granting Harris's request for a voluntary dismissal.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff Alexander Harris's Motion to Dismiss His Complaint Without Prejudice [Doc. 14] is **GRANTED**.

It is further **ORDERED** that Plaintiff's alternative Motion to Add Party Defendant and Remand to State Court [Doc. 14] is **DENIED AS MOOT** and Defendant's Motion to File a Response to Plaintiff's Reply [Doc. 22] is **DENIED**.

The Clerk is directed to **CLOSE** the case.

**IT IS SO ORDERED** this 2nd day of December, 2021.

_____
MARK H. COHEN
United States District Judge